UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AARON MARCEL PALACIOS, CDCR #T-90758,

Plaintiff,

vs.

LEWIS, Captain; GODINEZ, Lieutenant; and CDCR,

Defendants.

Case No.: 23-CV-00871-TWR (DEB)

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

(ECF Nos. 1, 2)

Presently before the Court is Plaintiff Aaron Marcel Palacios's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1, "Compl.") and his Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2, "IFP Mot.") filed pursuant to 28 U.S.C. § 1915(a). Plaintiff is currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se. (*See* Compl. at 1.) He[1] alleges that while incarcerated at RJD, Defendants Lewis, Godinez, and the California Department of Corrections and

/ / /

[1] Plaintiff states he is transgender, (*see* Compl. at 3), but does not indicate pronoun preferences. Therefore, the Court will use he/him unless Plaintiff requests otherwise.

Rehabilitation ("CDCR") violated his Eighth and Fourteenth Amendment rights. (*See generally* Compl.)

## I. Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

---

[2] In civil actions except for applications for a writ of habeas corpus, civil litigants must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*.

In support of his IFP Motion, Plaintiff submitted a certified copy of his trust account statement and a prison certificate pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. (*See* ECF No. 3.) *See also Andrews*, 398 F.3d at 1119. These documents show that Plaintiff had an available balance of $0.08 at the time of filing. (*See* ECF No. 3 at 1–3.) The Court therefore **GRANTS** Plaintiff's Motion to Proceed IFP, declines to exact the initial filing fee because his trust account statement indicates he may have "no means to pay it," *Bruce*, 577 U.S. at 85, and **DIRECTS** the Secretary of CDCR or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2) and forward them to the Clerk of the Court. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 577 U.S. at 85; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

## II. Legal Standards

### *A. Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b)*

Because Plaintiff is incarcerated, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under those statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune from relief. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

/ / /

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

***B. 42 U.S.C. § 1983***

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

/ / /

/ / /

## III. Plaintiff's Allegations

Plaintiff alleges that on January 6, 2023, RJD mail room employees discovered letters from inmates detailing Plaintiff's alleged plan to kill Correctional Officer Enriquez. (Compl. at 3.) Plaintiff was placed in Administrative Segregation ("Ad Seg") pending an investigation, where he remained for two months. (*Id.*) According to Plaintiff, the letters were determined to be fake. (*Id.*) Plaintiff claims his Fourteenth Amendment rights were violated because no one ever contacted him regarding the investigation while he was in Ad Seg. (*Id.* at 4.) Plaintiff also alleges that the amount of time he spent in Ad Seg was excessive and violated his Eighth Amendment rights because the investigation could have been concluded sooner and because he is particularly sensitive to being placed in isolation. (*Id.* at 3, 5.) In addition, Plaintiff claims his placement in Ad Seg may have been in retaliation for a grievance he submitted about Correctional Officer Serrano, or it may have been orchestrated by Defendant Lewis because Plaintiff is transgender and the father of an ex-correctional officer's grandson. (*Id.* at 3–4.)

## IV. Analysis

### *A. Defendant CDCR*

To the extent Plaintiff seeks to sue the entire CDCR, his suit is barred by the Eleventh Amendment. Absent "a waiver by the state or a valid congressional override," *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999), "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities," *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Accordingly, because the CDCR is not a "person" subject to suit under § 1983, and is instead an agency of the State of California, it is immune from suit under the

Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding that Eleventh Amendment immunity extends to state agencies); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) ("[T]he State is not a 'person' for purposes of § 1983."); *Hale v. Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983); *see also Dragasits v. California*, No. 3:16-cv-01998-BEN-JLB, 2016 WL 6804947, at *3 (S.D. Cal. Nov. 15, 2016) ("The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not 'persons' subject to suit under § 1983.").

***B. Eighth Amendment***

Plaintiff contends his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was placed in Ad Seg pending the investigation of the threat against Correctional Officer Enriquez. (Compl. at 3.) "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). A prison official violates the Eighth Amendment only when two requirements are met. "First, the deprivation alleged must be, objectively 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837).

Plaintiff claims his two-month placement in Ad Seg during an investigation into the letters was disproportionate and unduly prolonged because "they knew within 10 days the

letters and any potential for [an] assault on the c/o was non-existent." (Compl. at 3.) Plaintiff further claims Defendant Lewis knew he was particularly sensitive to the isolation he experienced in Ad Seg, but Lewis nevertheless refused to communicate with Plaintiff about the investigation into the inmate letters and prolonged the time Plaintiff was confined to Ad Seg by refusing to acknowledge that the threats in the inmate letters were fake. (*Id*. at 5.) He also claims he is a suicide risk, but he does not allege any specific facts to support that claim. (*Id*.)

Plaintiff's allegations are too conclusory to support an Eighth Amendment claim. He has not made specific allegations as to what any individual defendant did or did not do to violate his constitutional rights. To state a § 1983 claim, Plaintiff must allege how "each Government-official defendant, through the official's own individual actions" violated his constitutional rights. *See Iqbal*, 556 U.S. at 676–77. Allegations "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)). The pleadings must show each defendant "[performed] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's Complaint contends only that "they" delayed the investigation into the letters and that "they" knew early on in the investigation that the letters were fake but did not release Plaintiff from Ad Seg for two months. (Compl. at 3.) The only specific allegation Plaintiff makes against Defendant Lewis is that "there is also a chance Capt. Lewis was actually perpetrating an attack against [him]" and that Lewis did not respond to letters he wrote asking to be released from Ad Seg. (*Id.* at 3, 5.) But Plaintiff does not state what Lewis did or did not do that violated his Eighth Amendment rights. Moreover, he makes no allegations about Defendant Godinez. His Complaint contains only broad and

/ / /

conclusory allegations that do not explain how any individual Defendant violated his Eighth Amendment rights.

Further, to state an Eighth Amendment claim, Plaintiff must show that being placed in Ad Seg for two months pending an investigation of the letters was "sufficiently serious." *Farmer*, 511 U.S. at 834. He must present specific, plausible allegations that he was subjected to the "unnecessary and wanton infliction of pain," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), or that he was deprived of humane conditions of confinement, such as a lack of adequate food, clothing, shelter, sanitation, medical care, or personal safety while he was in Ad Seg, *see Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984). "[R]outine discomfort," such as placement in Ad Seg, "is part of the penalty that criminal offenders pay for their offenses against society, [and] only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Toussaint v. McCarthy*, 801 F.2d 1080, 1092–93 (9th Cir. 1986) ("[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983))), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Shotwell v. Brandt*, No. C 10-5232 CW (PR), 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) ("[T]he usual hardships associated with administrative segregation do not violate the Eighth Amendment."); *Brownsword v. Cal. Dep't of Corr. & Rehab.*, No. CIV S-06-0002 GEB DAD P, 2007 WL 2902969, at *1 ("Administrative segregation falls within the terms of confinement ordinarily contemplated by a criminal sentence.").

Plaintiff alleges no facts, such as a deprivation of food, water, adequate sanitation, or medical care, that plausibly show he was subjected to the "unnecessary and wanton infliction of pain" or that he was denied "the minimal civilized measure of life's necessities." *Estelle*, 429 U.S. at 103; *Hudson*, 503 U.S. at 9. Accordingly, he has not alleged a plausible Eighth Amendment claim for which relief can be granted. *See Iqbal*, 556 U.S. at 678.

### C. Fourteenth Amendment

Plaintiff claims his confinement in Ad Seg violated his due process rights because no one spoke to him about the pending investigation while he was confined there. (Compl. at 4.) The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *See Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). A disciplinary action implicates a protected liberty interest only when it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

To meet this standard, Plaintiff must allege facts that show "a dramatic departure from the basic conditions" of his confinement. *Sandin*, 515 U.S. at 485. He has not done so here. Placement in Ad Seg, by itself, does not implicate a protected liberty interest because the conditions prisoners are subjected to in Ad Seg are "within the expected perimeters of the sentence imposed." *Austin v. Terhune*, 367 F.3d 1167, 1170 (9th Cir. 2004) (citation omitted); *see Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). The Complaint contains no facts plausibly alleging Plaintiff was subjected to anything other than the ordinary conditions of Ad Seg. Because Plaintiff fails to allege a liberty interest, he fails to state a due process claim against Defendants.[3] *See Sandin*, 515 U.S. at 486. Accordingly, Plaintiff's due process claim must be dismissed. *See* 28 U.S.C. § 1915A; *Wilhelm*, 680 F.3d at 1121.

---

[3] Under the Due Process Clause, a prisoner is entitled to minimal due process protections when charged with a disciplinary violation. *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974). Such protections include the right to call witnesses, to present documentary evidence, and to have a written statement by the fact finder as to the evidence relied upon along with the reasons for the disciplinary action taken. *Id*. These procedural protections, however, only apply when the disciplinary action implicates a protected liberty interest. *Sandin*, 515 U.S. at 484.

### *D. Retaliation*

Plaintiff states in his Complaint that his time in Ad Seg was extended because "[t]hey either didn't care [he] was isolated, they didn't realize [he] was still in Ad Seg, or it was in retaliation for writing 602s [(grievances)] against C/O Serrano . . . ." (Compl. at 3.) "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114 (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff does not plausibly allege any Defendant took an adverse action against him, only that retaliation *may* have been the reason for his two-month Ad Seg stay. (Compl. at 3.) Further, a plaintiff alleging retaliation "bears the burden of pleading . . . the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *see Medina v. Morris*, No. 09-cv-169-JAH (MSC), 2014 WL 12686744, at *10 (S.D. Cal. June 2, 2014). "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were 'unnecessary to the maintenance of order in the institution.'" *Watison*, 668 F.3d at 1114–15 (citations omitted). Plaintiff has not plausibly alleged his two-month stay in Ad Seg did not reasonably advance the legitimate correctional goal of investigating the letters that claimed he was planning to kill a correctional officer. *Rhodes*, 408 F.3d at 567–68. Accordingly, Plaintiff has failed to state a retaliation claim. *See Iqbal*, 556 U.S. at 678.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). (ECF No. 2). The Court **ORDERS** the Secretary of the

CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). *All payments **SHALL** be clearly identified by the name and number assigned to this action*. The Court also **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

In addition, the Court concludes that Plaintiff has failed to state plausible Eighth and Fourteenth Amendment claims for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the Court **DISMISSES** Plaintiff's Complaint without prejudice. Because Plaintiff is proceeding pro se, however, the Court **GRANTS** him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))).

Plaintiff may file a First Amended Complaint that cures the deficiencies outlined in this Order <u>no later than forty-five (45) days from the date of this Order</u>. *Any amended complaint must be complete by itself without reference to Plaintiff's original pleading*. *See* S.D.Cal. CivLR 15.1(a). *Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived*. *See Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not re-alleged in an amended pleading may be considered waived if not repled).

/ / /

*If Plaintiff fails to timely amend his Complaint, the Court will enter a final order dismissing this civil action. See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). The Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983, for his use and convenience.

**IT IS SO ORDERED**.

Dated: August 21, 2023

Honorable Todd W. Robinson
United States District Judge