UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MARCEL PALACIOS, CDCR #T-90758,<br><br>Plaintiff,<br><br>vs.<br><br>LEWIS, Captain; GODINEZ, Lieutenant; CDCR,<br><br>Defendants. | Case No.: 23-CV-871 TWR (DEB)<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**<br><br>(ECF No. 6) |

Presently before the Court is Plaintiff Aaron Marcel Palacios's First Amended Complaint filed under 42 U.S.C. § 1983 for a pre-answer screening under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). ("FAC," ECF No. 6.) Plaintiff, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") and proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 on May 10, 2023. ("Compl.," ECF No. 1.) Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) but instead filed a Motion to Proceed *In Forma Pauperis* ("IFP") under 28 U.S.C. § 1915(a). (ECF No. 2.) On August 21, 2023, the Court granted Plaintiff's IFP motion and dismissed the Complaint with leave to amend for failing to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (ECF No. 5.)

Plaintiff filed a First Amended Complaint on October 4, 2023. (ECF No. 6.) He[1] alleges that while incarcerated at RJD, Defendants Lewis, Godinez, and the California Department of Corrections and Rehabilitation ("CDCR") violated his First, Eighth, and Fourteenth Amendment rights. (*Id.*)

## LEGAL STANDARDS

### I. Initial Screening Under 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b)

As with his original Complaint, because Plaintiff is a prisoner, his First Amended Complaint requires a pre-answer screening under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the

---

[1] Plaintiff states he is transgender, (*see* Compl. at 3), but does not indicate pronoun preferences. Therefore, the Court will use he/him unless Plaintiff requests otherwise.

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**II.   42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**DISCUSSION**

**I.   Plaintiff's Allegations**

Plaintiff alleges Defendants placed him in Administrative Segregation ("Ad Seg") for an improperly prolonged amount of time pending an investigation of misconduct. (FAC at 6–11.) According to Plaintiff, the accusations against him, which resulted in the Ad Seg placement, were ultimately determined to be false, but he remained in Ad Seg for longer than was necessary because the investigation was not done in a timely fashion, in violation of his Eighth Amendment rights. (*Id*. at 6–9.) Plaintiff also alleges the Defendants violated his due process rights because no one ever contacted him regarding the investigation while he was in Ad Seg, and he alleges the 602 grievances he filed about his Ad Seg placement either disappeared or were ignored. (*Id*. at 6–11.) In addition, he claims his placement in Ad Seg may have been in retaliation for a grievance he submitted about Correctional

Officer Serrano, or it may have been orchestrated by Defendant Lewis because Plaintiff is transgender and the father of an ex-Correctional Officer's grandson. (*Id*. at 7–11.) He also claims the conditions in Ad Seg are the "dirtiest in the state," with feces on the walls of both cells, urine and trash on the floor, and leaks of feces and urine caused by faulty pipes. (*Id*. at 7.) In addition, he alleges the food is served cold, which has resulted in him suffering from food poisoning on two occasions, and that when he asked to speak to a clinician, the request was either denied or ignored. (*Id*. at 7–9.)

## II. Claims against Defendant CDCR

As the Court explained to Plaintiff in its August 21, 2023 dismissal Order, his suit against the CDCR is barred by the Eleventh Amendment. (ECF No. 5 at 5–6.) "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Further, a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983. *Hale v. Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993); *see also Dragasits v. California*, No. 16-cv-1998-BEN-JLB, 2016 WL 6804947, at *3 (S.D. Cal. Nov. 15, 2016) ("The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not 'persons' subject to suit under § 1983). Because the CDCR is not a "person" subject to suit under § 1983 but instead an agency of the State of California, it is immune from suit under the Eleventh Amendment. Accordingly, Plaintiff's claims against the CDCR are dismissed without leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

## III. Plaintiff's Eighth Amendment Claims

### A. Prolonged Detention in Ad Seg.

With respect to his claim that Lewis and Godinez held him in Ad Seg for an unduly prolonged amount of time, Plaintiff has failed to state an Eighth Amendment claim. "The Constitution 'does not mandate comfortable prisons,' *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (internal citation omitted), but neither does it permit inhumane ones . . . ."

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment, however, only when two requirements are met. "First, the deprivation alleged must be, objectively 'sufficiently serious.'" *Id*. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837).

Plaintiff's allegation that Defendant Lewis kept him in Ad Seg for longer than was necessary to complete the investigation of misconduct is not "sufficiently serious" to establish an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "A deprivation is sufficiently serious when the prison official's act or omission results 'in the denial of 'the minimal civilized measure of life's necessities.'" *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834). "[R]outine discomfort," such as placement in Ad Seg, "is part of the penalty that criminal offenders pay for their offenses against society, [and] only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Toussaint v. McCarthy*, 801 F.2d 1080, 1092–93 (9th Cir. 1986) ("[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.") (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Shotwell v. Brandt*, No. 10-cv-5232-CW, 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) ("[T]he usual hardships associated

with administrative segregation do not violate the Eighth Amendment.") (citing *Toussaint*, 722 F.2d at 1494 n.6).  Moreover, although Plaintiff has not alleged how long he was kept in Ad Seg, it appears from the allegations in the First Amended Complaint it could have been as long as 90 days.  (FAC at 8.)  However, "administrative segregation, even in a single cell for twenty-three hours a day, is within the terms of confinement ordinarily contemplated by a sentence."  *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (as amended) (citing *Toussaint*, 801 F.2d at 1091–92, *abrogated in part on other grounds by Sandin*, 515 U.S. at 483–84).

### B. Lack of Adequate Food and Sanitation.

Further, while the Eighth Amendment prohibits the deprivation of humane conditions of confinement, such as a lack of adequate food and sanitation, *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984) (citations omitted), to state a § 1983 claim, Plaintiff must allege how "each Government-official defendant, through the official's own individual actions" violated his constitutional rights.  *See Iqbal*, 556 U.S. at 676–77.  Allegations "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).  The pleadings must show each defendant "[performed] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff has not made sufficient, specific allegations as to what either Lewis or Godinez did or did not do which denied him adequate food and sanitation.  He describes the conditions in Ad Seg as "the dirtiest . . . in the state," and alleges that "there was feces on the wall of both cells," "the day room was covered with trash," faulty pipes leaked feces and urine onto the floor, and he has suffered from food poisoning as a result of food being served cold.  (FAC at 7–11.)  But he has not made any plausible allegations that either Lewis or Godinez were the cause of these conditions.

### C. Denial of Request for a Clinician.

Finally, with respect to Plaintiff's claim that his requests for a clinician were ignored or denied, he also has failed to state a plausible claim for relief. "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A prison official violates the Eighth Amendment only when two requirements are met. "First, the deprivation alleged must be objectively 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 298). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). Deliberate indifference requires "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and "'may appear when prison officials deny, delay, or intentionally interfere with medical care.'" *Jett v. Palmer*, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff's First Amended Complaint contains no factual allegations that plausibly show either Lewis or Godinez "[knew] of and disregard[ed] an excessive risk to [his] health or safety. *Farmer*, 511 U.S. at 837. He, therefore, has failed to state an Eighth Amendment claim against them. *Iqbal*, 556 U.S. at 678.

### IV. Plaintiff's Fourteenth Amendment Claim

Plaintiff also does not state a Fourteenth Amendment due process claim with respect to his confinement in Ad Seg. (FAC at 6.) The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a due process claim, Plaintiff must allege: "'(1) a liberty or property interest protected by the

Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). A disciplinary action implicates a protected liberty interest only when it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," which requires a plaintiff to allege facts showing "a dramatic departure from the basic conditions" of his confinement. *Sandin*, 515 U.S. at 485. Once a prisoner establishes a protected liberty interest, he is entitled to minimal due process protections, including the right to call witnesses, to present documentary evidence, and to have a written statement by the fact finder as to the evidence relied upon along with the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974). These procedural protections, however, only apply when the disciplinary action implicates a protected liberty interest. *Sandin*, 515 U.S. at 484.

As discussed above, placement in Ad Seg is "within the expected perimeters of the sentence imposed," and thus an Ad Seg placement, by itself, does not implicate a protected liberty interest. *Austin v. Terhune*, 367 F.3d 1167, 1170 (9th Cir. 2004) (citing *Sandin*, 515 U.S. at 485); *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). Because Plaintiff has not plausibly alleged a liberty interest, he has failed to state a due process claim against Defendants. *See Sandin*, 515 U.S. at 486. Accordingly, the claim is dismissed. *See* 28 U.S.C. § 1915A; *Wilhelm*, 680 F.3d at 1121.

### V.   Plaintiff's First Amendment Retaliation Claim

Finally, Plaintiff does not state a First Amendment retaliation claim against Lewis or Godinez. "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114 (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

A plaintiff alleging retaliation "bears the burden of pleading . . . the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Medina v. Morris*, No. 9CV0169, 2014 WL 12686744, at *10 (S.D. Cal. June 2, 2014). "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious or that they were 'unnecessary to the maintenance of order in the institution[.]'" *Watison*, 668 F.3d at 114–15 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984)) (internal citation omitted). Despite the fact that Plaintiff complains the investigation of his misconduct took too long, he has not plausibly alleged his stay in Ad Seg did not reasonably advance the legitimate correctional goal of isolating him from other prisoners and staff while the investigation took place. *Rhodes*, 408 F.3d at 567–68. Accordingly, he has failed to state a retaliation claim. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

Based on the foregoing, the Court:

1) **DISMISSES** Plaintiff's claims against the CDCR without leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2).

2) **DISMISSES** Plaintiff's First, Eighth, and Fourteenth Amendment claims against all Defendants without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2) **GRANTS** Plaintiff forty-five (45) days' leave from the date of this Order in which to file a Second Amended Complaint that cures the deficiencies of pleading noted in this Order. Plaintiff's Second Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co.,*

1  *Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).  If Plaintiff fails to timely amend, the Court will
2  enter a final Order dismissing this civil action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169
3  (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his
4  complaint, a district court may convert the dismissal of the complaint into dismissal of the
5  entire action.")  The Court further **DIRECTS** the Clerk of the Court to provide Plaintiff
6  with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983, for
7  his use and convenience.

  **IT IS SO ORDERED**.

Dated:  December 13, 2023

_____
Honorable Todd W. Robinson
United States District Judge